UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

In re:                                    )
                                          )    Case No. 14-03806-jw
Tommy Lee Cain,                           )    Chapter 13
                                          )
        Debtor.                           )
                                          )
_____)

### ORDER OVERRULING 21st MORTGAGE CORPORATION'S OBJECTION TO CONFIRMATION IN PART

This matter came before the Court on September 25, 2014, for a confirmation hearing on the Debtor's Chapter 13 Plan, filed July 7, 2014 ("Plan"). 21st Mortgage Corporation ("21st Mortgage") objected to the Plan. At issue is whether the termination of the automatic stay pursuant to 11 U.S.C. § 362(c)(3)[1] prevents Debtor from treating the secured claim of 21st Mortgage in the Plan.[2]

Pursuant to Fed. R. Civ. P. 52, which is made applicable to contested matters by Fed. R. Bankr. 7052 and 9014(c), this Court makes the following findings of fact and conclusions of law.[3]

### FINDINGS OF FACT

1.      Debtor filed a prior Chapter 13 bankruptcy on November 27, 2013, Case No. 13-07101-JW. Pursuant to an order entered March 14, 2014, the Court dismissed the case due to Debtor's failure to make the required plan payments.

2.      On July 3, 2014, Debtor filed this Chapter 13 case. According to § 362(c)(3)(A), the automatic stay was scheduled to expire thirty days after the petition date, unless extended

---

[1] Further references to the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) shall be made by section number only.

[2] Another hearing is necessary to resolve 21st Mortgage's other grounds for objection to the Plan.

[3] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

pursuant to § 362(c)(3)(B). Debtor did not file a motion to extend the automatic stay within the thirty-day period; therefore, the automatic stay terminated on August 2, 2014.

    3.    21st Mortgage holds a security interest in Debtor's residence, a 1994 Brigadier mobile home ("Collateral"), and has a scheduled claim of $30,975. The Plan values 21st Mortgage's secured claim at $18,000 and proposes to repay the secured claim by making payments of $465.00 per month for 58 months.

    4.    21st Mortgage filed its initial objection to confirmation on August 1, 2014, contesting the proposed valuation of the Collateral.

    5.    On August 7, 2014, 21st Mortgage filed a Motion for an Order Confirming Termination of the Automatic Stay, which was granted by Order Confirming Termination of the Automatic Stay entered on August 12, 2014.

    6.    In its amended objection to Plan, filed August 22, 2014, 21st Mortgage asserts that neither the petition nor the Plan have been filed in good faith as required by §§ 1325(a)(7) and (a)(3) of the Bankruptcy Code, respectively, and since the automatic stay has terminated, Debtor cannot treat its secured claim in the Plan. 21st Mortgage filed an amended objection on September 4, 2014, reiterating all bases for relief listed on the prior objection and also contesting the valuation of its collateral by Debtor.

    7.    A Joint Statement of Dispute was filed on September 23, 2014, which set forth the issue before the Court as whether the prior termination of the automatic stay allowed treatment of the claim of 21st Mortgage and listed no witnesses.

    8.    Neither the debtor nor other witnesses attended the confirmation hearing and therefore it was continued.

**CONCLUSIONS OF LAW**

As an initial matter related to confirmation, the Court will consider the argument by 21st Mortgage that termination of the automatic stay, as confirmed by prior order, precludes treatment of its claim in the Plan and therefore confirmation of the Plan. Section 362(c)(3) provides only temporary automatic stay protection to repeat filers, absent an extension of the stay. That section provides in pertinent part:

> [I]f a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 12, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, . . .
>
> > (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt . . . shall terminate with respect to the debtor on the 30th day after the filing of the later case[.]"

In the present case, Debtor did not seek extension of the automatic stay pursuant to § 362(c)(3)(B). As such, the automatic stay terminated on August 2, 2014.

Because the stay is not in effect, 21st Mortgage argues that Debtor is not entitled to treat the claim of 21st Mortgage in the Plan and that it can, therefore, proceed with liquidation of the Collateral, relying upon this Court's decision of In re Jupiter, 344 B.R. 754 (Bankr. D.S.C. 2006). While the Court in Jupiter held that the operation of § 362(c)(3)(A) terminated the automatic stay with respect to both the debtor and property of the estate, the Court did not rule that existence of the automatic stay was a necessary requirement in order to obtain confirmation. Id. at 756 n. 3 ("The Court has . . . not reached a conclusion as to whether this case or other cases may be confirmed if the automatic stay terminates under § 362(c)(3) or is not in effect pursuant to § 362(c)(4).").

In a subsequent case, In re Fleming, the Court concluded that the presence of the automatic stay was not a necessary requirement for confirmation. 349 B.R. 444, 446 (Bankr.

D.S.C. 2006); see also In re Dyer, 489 B.R. 637 (B.A.P. 6th Cir. 2013) (relying upon Fleming and vacating bankruptcy court's denial of confirmation based solely upon the fact that the stay had terminated). In Fleming, the automatic stay terminated pursuant to § 362(c)(3)(A) because the debtor failed to prosecute its motion to extend the stay. 349 B.R. at 446. Although conceding that the debtor's plan met the requirements of § 1325, the Chapter 13 Trustee objected to confirmation, arguing that the absence of the automatic stay and the potential loss of estate property due to collection efforts would disrupt the order of distribution set forth in the plan. Id. The Court overruled the objection, holding that the plain language of § 1325(a) mandates confirmation if that section's requirements have been met. Id.; see also In re Dyer, 489 B.R. 637 (ruling that none of the conditions for plan confirmation under §1325 mention the presence or absence of the automatic stay).

This Court's holding in Fleming that "[t]he termination of the automatic stay does not necessarily deprive a debtor of the right to continue under Chapter 13, obtain confirmation of a plan, and ultimately obtain a discharge if the debtor complies with the terms of the plan," 349 B.R. at 447, represents the majority view. See, e.g., In re Hileman, 451 B.R. 522, 525 (Bankr. C.D. Cal. 2011) ("[M]ost courts post-BAPCPA have held that pre-confirmation termination of the stay by §362(c)(3) does not divest the debtor of the ability to bind creditors under a confirmed plan."); In re Kurtzhan, 342 B.R. 581, 585 (Bankr. D. Minn. 2006) ("The binding effect of confirmation is not affected by [the debtor's] earlier failure to prove up the feasibility requirement in the context of her motion under § 362(c)(3)."); In re Lemma, 394 B.R. 315 (Bankr. E.D.N.Y. 2008) (finding that the debtor has the ability to bind a creditor to the terms of a plan even if the stay has terminated); In re Murphy, 346 B.R. 79 (Bankr. S.D.N.Y. 2006) (stating that because of the binding nature of a confirmed plan, as set forth in § 1327, a secured

4

creditor will be bound by the terms of a confirmed plan regardless of whether the stay has terminated); In re Underhill, 425 B.R. 614 (Bankr. D. Utah 2010)(holding that even if there is no stay in effect, "a confirmed chapter 13 plan that provides for the curing of a prepetition default on a secured creditor's claim precludes a secured creditor from enforcing its lien with respect to a prepetition default."). But see Cline v. Deutsche Bank Nat'l Trust (In re Cline), 386 B.R. 344 (Bankr. N.D. Ala. 2008) (minority-view opinion holding that a creditor may continue to rely upon expiration or termination of the automatic stay after confirmation).

21st Mortgage argues that its active opposition to the Debtor's bankruptcy, by objecting to confirmation and seeking an order pursuant to §362(j), distinguishes it from the situations at issue in most cases, where typically a creditor has failed to object to confirmation. See In re Fleming, 349 B.R. at 773 (trustee objecting); In re Bowen, C/A No. 07-05485-W, slip op. (trustee objecting); In re Tomasini, 339 B.R. 773 (Bankr. D.Utah 2006) (trustee objecting); see also, In re Dyer, 489 B.R. at 637 (bankruptcy court sua sponte denying confirmation); In re Hileman, 451 B.R. at 522 (creditor proceeding with foreclosure despite failure to object to the plan); In re Kurtzhan, 342 B.R. at 581 (creditor proceeding with collection despite failure to object to the plan); In re Lemma, 394 B.R. at 315 (creditor did not object to confirmation and therefore was bound by terms of plan).

However, despite 21st Mortgage's opposition efforts in this case, the presence of the automatic stay is not a prerequisite to confirmation and will not prevent the Court from confirming the Debtor's Plan, if the Plan otherwise meets the confirmation requirements of § 1325(a). See In re Underhill, 425 B.R. 614 (Bankr. D. Utah 2010) (holding that although stay had terminated, court had entered § 362(j) order, and secured creditor had objected to plan, debtor's plan could be confirmed if it complied with § 1325(a)).

5

Based on the foregoing, the Court concludes that, despite the termination of the automatic stay pursuant to § 362(c)(3)(A), the Debtor is entitled to proceed and obtain confirmation of the Plan if the requirements of § 1325(a) are met.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**10/20/2014**



US Bankruptcy Judge
District of South Carolina

Entered: 10/20/2014